UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARCUS LIGE, et al., | ) | CASE NO. 4:06 CV 1572 |
| Plaintiffs, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| ALBERTO GONZALES, et al., | ) ) | AND ORDER |
| Defendants. | ) | |

On June 26, 2006, plaintiffs pro se Marcus Lige, Joshawa Webb, Thomas A. Pierce, Sr., inmates in federal custody at the Northeast Ohio Correctional Center, filed this civil rights action against the Alberto Gonzales, Robert Becker, Robert Bulford, Matthew Cain, Blas Serrano, and Gregory White. The complaint is unclear, but appears to assert plaintiffs, who are "sovereign citizens of the Republic of Ohio," should not be incarcerated because the United States lacks jurisdiction over them. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, to the extent

2

plaintiffs are challenging the validity of their incarceration, their sole remedy is habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                         s/ James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE